# THE LAW OFFICE OF
# ELISA HYMAN, P.C.

March 20, 2023

**BY ECF**
Honorable Paul E. Engelmayer
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

      Re:  *J.R., et al. v. New York City Department of Education, et al.*,
            22-cv-04667 (PAE)(RWL)

Dear Judge Engelmayer:

    I represent the Plaintiffs in the above-referenced case and I am writing on behalf of both parties to respectfully request a 90-day stay of discovery.

    As Your Honor may recall, this is an action by Plaintiffs J.R. and C.M., the parents of G.M., a seven-year-old student with, *inter alia,* Autism, who assert claims against Defendants under the Individuals with Disabilities Education Improvement Act ("IDEA"), 20 U.S.C. §1400, et *seq.*, the Due Process Clause of the 14th Amendment of the U.S. Constitution, 42 U.S.C. §1983, Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. §794 ("Section 504"), the New York State Constitution, and New York State Education Law.[1] The Complaint raises individual and systemic claims for three school years: 2019-2020, 2020-2021, and 2021-2022 ("SYs at Issue"). Additionally, Plaintiffs seek an appeal of the New York State Review Office ("SRO") Decision No. 21-207 for full relief for Defendants' three-year denial of a free appropriate public education to G.M. and violations of G.M.'s pendency/stay-put services pursuant to 20 U.S.C. § 1415(j). Defendants dispute both that they have any liability with respect to the individual claims raised here and that Plaintiffs have properly raised systemic claims.

    As noted in our prior correspondence to the Court, the parties' proposed discovery schedule took into account our joint desire to settle, as well as our optimism that the case is one that could settle, given the issues raised as well as the parties' successful settlement history. ECF No. 13. For this reason, the Case Management Plan ("CMP"), ECF No. 16, provided the parties 45 days to discuss settlement before discovery began. After the parties' initial round of

---

[1] Plaintiffs are also class members in the autism case, *M.G. v. New York City Department of Education*, 13-cv-04639(SHS)(RWL), alleging that the Defendants employ a citywide policy pursuant to which they refuse to provide certain services to children with Autism, including Applied Behavior Analysis ("ABA"), 1:1 instruction and home-based services, all of which are at issue here.

1115 BROADWAY, 12TH FL.                                                          42 WEST 24TH STREET, 2ND FLOOR
NEW YORK, NY 10010                                                                        NEW YORK, NY 10010
WWW.SPECIALEDLAWYER.COM

settlement discussions, however, there was a large gap between Plaintiffs' demand and Defendants' offer.

Pursuant to the CMP, Plaintiffs propounded document demands in December and Defendants produced documents pursuant to the demand on January 13, 2023. Defendants produced the record on appeal from the State Review Officer but have objected to any further production. Fact discovery, however, is set to close April 30, 2023. ECF No. 16.

In December, 2022, Plaintiffs made a significantly reduced settlement demand. After Defendants' response to Plaintiffs' document demands, Plaintiffs were waiting to pursue further discovery and to litigate discovery issues as we had reason to believe that settlement was still a reasonable possibility and were awaiting Defendants' counter-offer, which we received on February 27, 2023. The parties are now pleased to report that we have reached an agreement in principle to settle Plaintiffs' compensatory and appeal claims. However, we still need to resolve Plaintiffs' attorneys' fees claims. As the Court is aware, simultaneous discovery and settlement tracks are impossible in these fee-shifting cases, as Plaintiffs will incur significant attorneys' fees conducting discovery.

In light of the above, the parties respectfully request a 90-day stay of discovery to continue pursuing settlement. This is the parties' first request for a stay. If Your Honor grants the request for a stay, the parties would request permission to submit a revised CMP after the stay ends, if settlement falls through. The parties propose submitting a status report no later than May 10, 2023, indicating whether we remain on track for settlement or anticipate resuming litigation.

Additionally, Your Honor scheduled a case management conference for June 29, 2023. If Your Honor grants the stay, the parties respectfully request an adjournment of the June 29th conference to a date after July 31, 2023, at Your Honor's convenience.

Thank you for Your Honor's consideration of this application for a 90-day stay of discovery for settlement purposes.

Granted. The Court thanks counsel for this letter, and stays discovery for 90 days. The Court orders the parties to submit a joint status report by May 10, 2023. The telephonic case management conference is rescheduled from June 29, 2023 to August 2, 2023 at 4 p.m. SO ORDERED.

Respectfully submitted,

*Erin O'Connor*

Erin O'Connor, Esq., Of Counsel

*Paul A. Engelmayer*
PAUL A. ENGELMAYER
United States District Judge
March 21, 2023

2